IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY E. TOMBS, | No. 2:13-cv-1340-MCE-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| JORDAN KEITH WALLACE, | |
|     Defendant. | |
| _____/ | |

       Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's requests for leave to proceed in forma pauperis (Docs. 6, 10). Plaintiff's complaint, and service thereof by the United States Marshal if appropriate, will be addressed separately. Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. His request will therefore be granted.[1]

       Plaitniff has also filed a motion for the appointment of counsel (Doc. 9). The United States Supreme Court has ruled that district courts lack authority to require counsel to

---

[1] As plaintiff is no longer incarcerated, no payment order will issue at this time.

1

represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, the facts and law concerning plaintiff's First and Eighth Amendment claims are not overly complex.  Second, the record demonstrates that plaintiff so far appears able to articulate his claims on his own as his pleadings are legible and articulate.  Third, at this early state of the proceedings, the court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for leave to proceed informa pauperis (Docs. 6, 10) are granted; and

2. Plaintiff's request for the appointment of counsel (Doc. 9) is denied.

DATED: April 14, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2