# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY E. TOMBS,

    Plaintiff,

  vs.

JORDAN KEITH WALLACE,

    Defendant.

No. 2:13-cv-1340-MCE-CMK-P

FINDINGS AND RECOMMENDATION

       Plaintiff, a former state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 22).

       As set forth in previous orders, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled

1  to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and
2  directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P.
3  8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the
4  plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129
5  (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts
6  by specific defendants which support the claims, vague and conclusory allegations fail to satisfy
7  this standard. Additionally, it is impossible for the court to conduct the screening required by
8  law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff fails to state his claims with any more clarity than he did in his first amended complaint. They remain vague and difficult to decipher. In his first amended complaint, plaintiff made vague allegations as to lack of medical treatment, use of excessive force, retaliation, and tampering with mail. He continues to make the same allegations in his second amended complaint, but offers no further clarity.

## II. DISCUSSION

Plaintiff's allegations are so vague and conclusory that the court is unable to determine whether the claims are frivolous, fanciful, or if the complaint fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. His amended complaint fails to cure the defects outlined in the court's prior order and fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2).

Plaintiff was informed as to what is required to state a claim under 42 U.S.C. § 1983. Plaintiff was told that he must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436

1  U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Vague and conclusory allegations
2  concerning the involvement of official personnel in civil rights violations are not sufficient.  See
3  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth
4  specific facts as to each individual defendant's causal role in the alleged constitutional
5  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  He was further instructed
6  as to what was required to state a claim for excessive force in violation of the Eighth
7  Amendment, retaliation, and mail tampering as related to his First Amendment rights.

8  Plaintiff failed to follow the court's instructions as to what was required to state a
9  claim.  He also failed to file an amended complaint that meets the pleading standards required by
10 Rule 8.  As stated above, the Federal Rules of Civil Procedure requires a plaintiff to "plead a
11 short and plain statement of the elements of his or her claim, identifying the transaction or
12 occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los
13 Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).  Plaintiff's amended complaint fails to
14 sufficiently state his claims and supporting facts.  In addition, he appears to continue to attempt
15 to assert unrelated claims against unrelated parties, in violation of Rule 18.

16 Plaintiff's only possible claim is against defendant Wallace for excessive force.
17 However, as the court previously explained, the treatment a prisoner receives in prison and the
18 conditions under which the prisoner is confined are subject to scrutiny under the Eighth
19 Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509
20 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . .
21 embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."
22 Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh
23 and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison
24 officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and
25 personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official
26 violates the Eighth Amendment only when two requirements are met: (1) objectively, the

official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Plaintiff provides no further information as to the situation when he alleges defendant Wallace body slammed him against a wall. He fails to allege what occurred during this incident, what defendant Wallace's motivation was for using force, and whether plaintiff suffered any injuries as a result of the force. Plaintiff has failed to heed the court's instruction

and provide the court with the necessary information for the court to evaluate this claim.

## IV.  CONCLUSION

Plaintiff's second amended complaint fails to state a claim.  It is up to plaintiff to formulate and articulate his claim, not for the court or the defendants to try to decipher what claims plaintiff has.  Plaintiff was given specific and detailed information as to what was required in order to state a claim.  He has failed to follow the court's direction to cure the defects in his complaint.  It appears that plaintiff is either unable or unwilling to amend the complaint in which to state a claim. Thus, further leave to amend should be denied.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's second amended complaint be dismissed for failure to state a claim, without further leave to amend, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 12, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE